Electronically Filed - St Louis County - February 26, 2018 - 11:31 AM

**18SL-AC06113**

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
### STATE OF MISSOURI
### ASSOCIATE DIVISION

| | | |
|---|---|---|
| JOSEPH RILEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No |
| v. | ) | |
| | ) | Division |
| NORTHLAND GROUP, INC., | ) | |
| | ) | |
| Serve at: | ) | |
| The Corporation Company, Inc. | ) | |
| 112 SW 7th Street, Suite 3C | ) | |
| Topeka, KS 66603 | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### PETITION

COMES NOW Plaintiff and states as follows:

### INTRODUCTION

1.     This is an action for actual and statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.     Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3.     This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff at his residence in Missouri.  Plaintiff suffered the harms described herein in Missouri.  Venue is also proper in St. Louis County,

1

Electronically Filed - St Louis County - February 26, 2018 - 11:31 AM

Missouri for this reason.

## PARTIES

4.     Plaintiff is a natural person currently residing in Missouri.  Plaintiff is a "consumer" within the meaning of the FDCPA.

5.     The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.  Specifically, a debt that arose from a Capital One consumer credit card that Plaintiff used to purchase personal clothing and other necessities.

6.     At all times relevant, Plaintiff has had a bona fide dispute regarding the amount of the debt.  While Plaintiff readily acknowledges using the Capital One Card, Plaintiff had a credit limit of $500 or less and did not ever charge the maximum amount to his card.  Plaintiff recalls his card was deactivated in approximately September of 2017 when the balance was still less than $500.  The debt that Defendant is collecting is more than $630.  Plaintiff thus disagrees with the amount of the alleged debt.

7.     Defendant Northland Group, Inc. ("NGI") is a foreign limited liability company with its principal place of business in Minnesota.

8.     The principal business purpose of NGI is the collection of debts in Missouri and nationwide, and NGI regularly attempts to collect debts alleged to be due another.

9.     NGI is engaged in the collection of debts from consumers using the mail and telephone. NGI is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

2

Electronically Filed - St Louis County - February 26, 2018 - 11:31 AM

## FACTS

### *NGI Overshadows Plaintiff's Right to Dispute the Debt Per Section 1692g*

10.     On December 26, 2017 Plaintiff received a letter from NGI attempting to collect the alleged consumer debt from Plaintiff.

11.     This was the initial collection communication.  As such, pursuant to Section 1692g, Plaintiff's thirty-day dispute period began when he received the subject letter.

12.     NGI, in the letter, stated that Plaintiff owed Capital One more than $630.23, a balance that Plaintiff immediately disagreed with for the reasons stated above.

13.     NGI, in the letter explained that the debt might increase due to interest that could change "from day to day."

14.     This was false and misleading.  There was no interest.  Further, there was no interest that could change "from day to day."  Rather, if any interest would be applied, it would be a single, constant rate of interest.

15.     The letter instructed Plaintiff to call NGI for further information, so Plaintiff did so within several days of receiving the letter on or about January 5, 2018.

16.     During the phone call, NGI confirmed that the balance had not changed from the date of the letter and first told Plaintiff the amount due was $630.23.

17.     Confusingly, NGI then told Plaintiff that the amount due was $119.00.

18.     This was false and/or misleading.

19.     The past due amount according to the letter was $630.23.

20.     Therefore, NGI was incorrect about the balance either in the letter, the phone call,

3

Electronically Filed - St. Louis County - February 26, 2018 - 11:31 AM

or both.

21.     NGI then told Plaintiff that Kohl's owned the debt and that Plaintiff should call Kohl's to get the account out of collections.

22.     This was false.

23.     Kohl's never owned the debt.  Capital One owned the debt.  Calling Kohl's was useless.

24.     The varying balances and the incorrect name of his creditor left Plaintiff with more questions than answers about whether the debt amount was correct.

25.     Plaintiff tried to clarify to whom he had to make payment and when that payment was due.

26.     NGI explained that $630.23 was due on January 5, 2018.

27.     NGI told Plaintiff that he had to pay NGI directly.

28.     NGI then told Plaintiff he could pay $119 on January 5, 2018, but it was not clear as to what effect this payment would have or if it was a partial payment.

29.     Due to NGI's written and verbal demands for payment within the dispute period, Plaintiff believed that NGI would not honor his dispute rights.  After the call, Plaintiff was not even sure of the amount he owed.

30.     Due in part to NGI's actions referenced herein, Plaintiff elected to hire a bankruptcy attorney for advice on the debt because he felt like NGI would not honor his dispute and that bankruptcy was his best option.

31.     Plaintiff became indebted to his bankruptcy attorney.

Electronically Filed - St Louis County - February 26, 2018 - 11:31 AM

### *Plaintiff's Damages*

32.     NGI's above-described conduct has caused Plaintiff to incur actual damages including, but not limited to: attorneys' fees, harassment, anxiety, frustration, and worry.

33.     Further, NGI's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

         a.  Plaintiff was prevented from disputing the debt as was his right;

         b.  Plaintiff has been deprived of his statutorily created right, as per the FDCPA, to truthful information about the debt because NGI's communications made it appear that the debt, or at least part of the debt, had to be paid immediately notwithstanding Plaintiff's dispute rights;

         c.  Plaintiff has been deprived of his statutorily created right, as per the FDCPA, to truthful information about the debt because NGI made it appear that the debt was accruing varying interest amounts when that was not the case; and

         d.  Plaintiff has been deprived of his statutorily created right, as per the FDCPA, to truthful information about the debt because NGI made it appear that Plaintiff's creditor was Kohl's when this was not the case.

34.     The injuries in fact are fairly traceable to the challenged actions of NGI in that NGI made the violative communications directly with Plaintiff through the collection letter and during the phone call referenced in this suit.

35.     Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

5

Electronically Filed - St Louis County - February 26, 2018 - 11:31 AM

## COUNT I: VIOLATION OF THE FDCPA

36.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

37.     In its attempts to collect the alleged debt from Plaintiff, NGI has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

    a.     Falsely representing the character, amount, or legal status of the alleged debt, specifically that the debt was not subject to dispute, that Kohl's was the creditor, and that varying amounts of interest could be applied to the debt. 15 U.S.C. § 1692e;

    b.     Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including, but not limited to: refusing to acknowledge Plaintiff's dispute rights, deceptively identifying different balances, and providing illusory payment deadlines to Plaintiff. 15 U.S.C. § 1692d-f; and

    c.     Overshadowing Plaintiff's dispute rights and causing Plaintiff to abandon his intended dispute of the debt. 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against NGI for:

    A.     Judgment that NGI's conduct violated the FDCPA;

    B.     Actual damages in an amount to be determined by the jury;

    C.     Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

    D.     For such other relief as the Court may deem just and proper.

Electronically Filed - St. Louis County - February 26, 2018 - 11:31 AM

Respectfully Submitted,

**ROSS & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.

By:    _____

Richard A. Voytas, Jr. #52046
Email: rick@rossvoytas.com
Nathan E. Ross
Email:nate@rossvoytas.com
Ethan W. Gee
Email: ethan@rossvoytas.com
12444 Powerscourt Drive Suite 370
St. Louis, Missouri 63131
Phone: 314-394-0605
Fax: 636-333-1212

Attorneys for Plaintiff

7